# In the United States Court of Federal Claims

Case No. 96-408C
Filed: December 14, 2007
FOR PUBLICATION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |  |
|---|---|---|
|  | \* |  |
| **INNOVAIR AVIATION, LTD** | \* |  |
|  | \* | Motion in Limine; Reconsideration; |
| *Plaintiff*, | \* | Federal Rule of Evidence 402; Arm's |
|  | \* | Length Transaction; Exclusion of |
| v. | \* | Testimony; Substitute *res* Bond |
|  | \* |  |
| **THE UNITED STATES**, | \* |  |
|  | \* |  |
| *Defendant*. | \* |  |
|  | \* |  |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Ty Cobb*, Hogan & Hartson, Washington, D.C., for Plaintiff.  *H. Christopher Bartolomucci* and *Audrey E. Moog*, Hogan & Hartson, Washington, D.C., of counsel, for Plaintiff.

*Sheryl Floyd*, United States Department of Justice, Washington, D.C., with whom were *David Cohen* and *Peter Keisler*, Assistant Attorney General, for Defendant.

## OPINION

**SMITH**, Senior Judge:

The Court has reviewed Plaintiff's Motion in Limine to Exclude Testimony of Charles McKee and Reid Pixler, Defendant's Opposition to Plaintiff's Motion in Limine and Motion for Reconsideration, and Plaintiff's Reply and Opposition to Defendant's Motion for Reconsideration. In accordance with the Court's oral ruling at the Status Conference held on September 26, 2007 and the Court's Order dated September 28, 2007, the Court sets forth more fully below the reasons for its decision to **GRANT IN PART** Plaintiff's Motion in Limine.  As Defendant stated that Charles McKee would not be testifying at trial, the Court hereby **DENIES IN PART AS MOOT** Plaintiff's Motion in Limine as it regards Mr. McKee.  Further, the Court **DENIES** Defendant's Motion for Reconsideration.

## I. Background

Reid Pixler is an Assistant United States Attorney who represented Defendant in the underlying Technology License Agreement (TLA) seizure and forfeiture proceedings.[1] The Government seeks to have Mr. Pixler testify about various activities performed in his capacity as an Assistant United States Attorney.  In particular, Mr. Pixler would testify about his negotiations with Innovair and Basler Turbo Conversions, Inc. (BTC) over the substitute *res* bond.

The Government identified Mr. Pixler on its witness list on August 9, 2007.  On September 21, 2007, Plaintiff filed its motion to exclude the testimony of Mr. Pixler and Charles McKee. During a status conference on September 26, 2007, the Government informed the Court that it would drop Mr. McKee from its witness list, and the Court granted Plaintiff's motion to exclude Mr. Pixler's testimony.  The Government requested that the Court issue a written opinion on the matter. The Government then filed a Motion for Reconsideration on October 9, 2007, and Plaintiff responded on October 10, 2007.

## II. Relevance of Mr. Pixler's Testimony

Evidence which is not relevant is not admissible. FED. R. EVID. 402.  It is within this Court's broad discretion to exclude evidence where the potential prejudice outweighs its probative value. FED. R. EVID. 403.  In the context of just compensation, this Court has "wide latitude . . . to include or exclude particular elements of damage." *Foster v. United States*, 2 Cl. Ct. 426, 446 (1983).  This Court's determination "cannot be reduced to mere formula, nor can be limited to inexorable rules." *Houser v. United States*, 12 Cl. Ct. 454, 472 (1987) (finding that the court must consider equitable principles of fairness).

The fundamental principle of just compensation is reimbursement to the owner, so that he is put in as good a position pecuniarily as if his property had not been taken.  *Coast Indian Community v. United States*, 550 F.2d 639, 647 (Ct. Cl. 1977).  For purposes of just compensation, the Court must use the fair market value of the property at the time of the taking.  *United States v. Miller*, 317 U.S. 369, 373 (1943). This is the amount that a *willing* buyer would pay a *willing* seller in an arm's length transaction. *See Shelden v. United States*, 34 Fed. Cl. 355, 365 (1995) (emphasis added).

The Government argues that Mr. Pixler should be allowed to testify about the valuation of the TLA for the purposes of the substitute *res* bond.  However, this Court has already held that "there was never a valuation of Innovair's interest in the TLA . . . the valuation of the TLA was to protect the Government's interest, not Innovair's." *Innovair Aviation, Ltd. v. United States*, 72 Fed. Cl. 415, 424 (2006).  As this Court remarked before, the Ninth Circuit noted that "[w]hat Innovair

---

[1] The United States brought the forfeiture case under 21 U.S.C. § 881(a) and 18 U.S.C. § 981(a)(1).

paid is not necessarily, or even particularly, a proper measure of what its rights are worth." *United States v. Basler Turbo-67 Conversion DC-3 Aircraft*, 1996 WL 88075, at \*2 (9th Cir. Feb. 29, 1996). Further, this Court held that "any award will take into account the fact that Innovair's claim is for value above the amount of the substitute *res* bond." *Innovair*, 72 Fed. Cl. at 425.

Because the $1.375 million bond was to secure the Government's interest in the TLA, the Court finds that the substitute *res* bond negotiations are not relevant to the amount necessary to put Innovair "in the same financial position as if there had been no taking," *Whitney Benefits Corp. v. United States*, 18 Cl. Ct. 394, 407 (1989). Further, the negotiations over the value of the TLA for the substitute *res* bond were not arm's length transactions and, thus, not evidence of the TLA's fair market value, as the transaction was not voluntary since there was no willing seller. The Court, therefore, holds that Mr. Pixler's testimony has no relevance to the present issue of TLA valuation.


### III.  Conclusion

For all the foregoing reasons, the Court holds that Mr. Pixler's testimony is not relevant to the issue of the TLA valuation. Therefore, it must be excluded. The Court hereby **GRANTS IN PART and DENIES IN PART AS MOOT** Plaintiff's Motion in Limine, and **DENIES** Defendant's Motion for Reconsideration.


**It is so ORDERED.**

s/ Loren A. Smith
Loren A. Smith
SENIOR JUDGE
