# In the United States Court of Federal Claims

Case No. 96-408C
Filed: August 15, 2008
FOR PUBLICATION

* * * * * * * * * * * * * * * * * * * * *

|  |  |
|---|---|
| **INNOVAIR AVIATION, LTD** <br><br> *Plaintiff*, <br><br> v. <br><br> **THE UNITED STATES**, <br><br> *Defendant*. | Fifth Amendment; Takings; Police Power; <br> Motion for Reconsideration; Innocent Owner; <br> Evidence for Criminal Prosecution |

* * * * * * * * * * * * * * * * * * * * *

*Ty Cobb*, Hogan & Hartson, Washington, D.C., for Plaintiff. *H. Christopher Bartolomucci* and *Audrey E. Moog*, Hogan & Hartson, Washington, D.C., of counsel, for Plaintiff.

*Sheryl Floyd*, United States Department of Justice, Washington, D.C., with whom were *David Cohen* and *Peter Keisler*, Asst. Att'y Gen., for defendant.

## OPINION and ORDER

**SMITH**, Senior Judge.

Defendant filed a Motion to for Reconsideration in light of the Federal Circuit's recent decision in *AmeriSource Corp. v. United States*, 525 F.3d 1149 (2008). Defendant urges the Court to reconsider its earlier Opinion finding that the Government's actions amounted to a taking.

According to Defendant, under *AmeriSource*, when the Government seizes property pursuant to its police power, there is no taking under the Fifth Amendment, as the property is not taken for "public use." U.S. CONSTIT. AMEND. IV. In addition, Defendant argues that under *AmeriSource*, the Government may seize and retain property pursuant to its police powers irrespective of the owner's innocence. In *AmeriSource*, the Government seized and retained pharmaceuticals belonging to an innocent wholesale distributor in connection with the criminal prosecution of third parties. *AmeriSource Corp. v. United States*, 75 Fed. Cl. 743, 744 (2007). Shortly after the seizure,

AmeriSource filed a motion in the District Court seeking return of the drugs pursuant to Rule 41(e) of the Federal Rules of Criminal Procedure. *Id.* The magistrate judge denied the motion, and by the time the criminal proceedings had concluded, the pharmaceuticals had passed their expiration date and were worthless.

Plaintiff responds that the *AmeriSource* decision is far more narrow than the Government contends. Plaintiff argues that the decision should be read within its factual and legal context and points to the opinion, which states: "[t]his case requires us to determine whether the Fifth Amendment Takings Clause applies when the government seizes an innocent party's property for use in a criminal prosecution ... and it is rendered worthless over the course of the proceedings." *AmericSource Corp. v. United States*, 525 F.3d at 1150. Pointing to both legal and factual distinctions, Plaintiff argues that *AmeriSource* does not require this Court to overturn its previous decision.

A motion for reconsideration may be granted "for any reasons established by the rules of the common law or equity applicable as between parties in the courts of the United States." RCFC 59(a)(1). In order to prevail, the movant must show "a manifest error of law, or mistake of fact". *Strictland v. United States*, 36 Fed. Cl. 651, 657 (1996). In addition, a motion for reconsideration may not be used as a guise to obtain a second bite of the litigation apple. *See Citizens Federal Bank, FSB v. United States*, 53 Fed. Cl. 793, 794 (2002).

It is clear to the Court that *AmeriSource* is distinguishable here. First, unlike the seized items in *AmeriSource*, the seized TLA here was not instrumental to Columbia Air's criminal activity. The Federal Circuit indicated that "so long as there is a tenable connection, the precise relationship of the [seized items] to the crime is not relevant; rather the character of the government action is the sole determining factor." *AmeriSource Corp. v. United States*, 525 F.3d at 1156. In *AmeriSource*, the link between the confiscated pharmaceuticals and the criminal charges was undeniable. The drugs were pivotal to the case and, in fact, both parties agreed that the drugs should be submitted as evidence. *AmeriSource Corp. v. United States*, 75 Fed. Cl. at 744.

Here, the TLA was not confiscated because it was any part of Columbia Air's drug operation, nor was it taken to be used as evidence in criminal proceedings. The only link the Government offers is that Innovair partially funded the TLA with money received from Columbia Air. Following this reasoning, the Government would be able to confiscate and retain any item that an innocent party purchased with monies traceable to drug cartels, or any other criminal organization, even if that item was not involved in any way with the crime. Such a reading would give the Government extremely broad and virtually unlimited police powers. It could seize an innocent employee's furniture or refrigerator if the employee's salary came from a company which innocently got some of its revenue from an illegal source. The logic of this proposition would allow the Government to seize nearly one hundred percent of all goods in the United States, a position, I assume, the Government would not support.

Second, in this case, not only was the seizure improper, but the forfeiture was as well. As the Ninth Circuit held and this Court recognized, "Innovair was an innocent owner and, therefore,

the TLA was not subject to forfeiture." While in *AmeriSource* the Government seized and retained evidence for use in the criminal investigation, here the Government did not retain the property during the course of the criminal investigation and prosecution. The District Court, at the Government's request, in this case awarded the TLA to a third party, permanently extinguishing Innovair's interest in the property. In *AmeriSource*, the plaintiff still had an opportunity to recover the seized pharmaceuticals, provided it could prove ownership of them.

For the foregoing reasons the Court hereby **DENIES** Defendant's Motion for Reconsideration.

**IT IS SO ORDERED.**

    /s Loren A. Smith
LOREN A. SMITH,
Senior Judge